## DAVID STOCKBRIDGE Junior *versus* ISAAC DAMON.

In an action by an indorsee against the maker of a negotiable note fraudulently indorsed by the payee after it was dishonored, the defendant was allowed to avail himself, under the general issue, of notes given to him by the payee before the indorsement.

ASSUMPSIT upon a promissory note made by the defendant to Salmon Graves for 550 dollars, payable on demand with interest, dated December 24, 1818, and indorsed to the plaintiff. Pleas, the general issue and the statute of limitations.

The defendant opposed the plaintiff's recovery, *first*, on the ground of payment previous to the transfer of the note, and *secondly*, on the ground that Graves was indebted to him at the time of the transfer in a larger sum than the amount of the note, and that the note was indorsed under such circumstances as rendered the transfer void, inasmuch as the defendant was thereby deprived of the right of setting off his demand against this note in suit.

To show the circumstances under which the note was negotiated to the plaintiff, the defendant introduced a receipt from the plaintiff to Graves, dated March 18, 1826, as follows : — " Received of J. W. Clark a note against Isaac Damon, running to Salmon Graves and by him indorsed to said Clark for a valuable consideration, and by said Clark transferred to me for a like valuable consideration, dated, &c.

Said note was indorsed to said Clark about the beginning of September 1824. If said note can be collected of said Damon, I engage to be responsible to said Graves for whatever I recover on the same and apply the proceeds on such debts of said Graves as are enumerated in a bond given by me to said Graves and in the order therein mentioned, it being understood that I am to exercise my discretion with regard to the manner in which I shall settle with said Damon." The bond referred to was also in the case ; the condition of which was, that the plaintiff should apply the proceeds of certain real estate of Graves, which had been conveyed to Clark and by him transferred to the plaintiff, first to the removal of incumbrances on the same, then to the payment of a large sum due from Graves to Clark, and lastly to the payment of other debts due from Graves. The defendant produced in evidence several negotiable notes given to him by Graves in 1822 and 1823, amounting to 1137 dollars ; also a negotiable note for 371 dollars, dated March 11, 1825, which was given in balance of accounts between Damon and Graves on a settlement made at the date of that note.

One Smith, a deputy sheriff, testified, that in August 1824 he had an execution against Graves for about 300 dollars, and Graves proposed to him to take the note in suit as security for the amount of the execution. Smith objected, and Graves called Clark to satisfy him that the note was good. Smith told Clark he could not take the note, because he had heard from Damon that it was not due. Clark said that if the note was indorsed, he could collect it. Clark and one Allis gave their note to Smith to satisfy the execution, which was paid by Clark.

Allis, a witness on the part of the plaintiff, testified that Graves indorsed the note in suit to him and Clark, in consideration whereof they gave their note to Smith.

The plaintiff introduced evidence to contradict the testimony of Smith. He also proved that Damon, in March 1825, sued his notes against Graves, except the one taken on settlement of their accounts, and attached real estate as the

property of Graves ; that the action was entered and defaulted, and stood continued for judgment.

The plaintiff objected to the admission of Damon's notes against Graves as evidence in the case.

A verdict was returned for the defendant, on the ground that the note in suit was fraudulently indorsed to the plaintiff. The plaintiff moved for a new trial, because of the admission of the evidence objected to, and because the verdict was against evidence.

*Billings*, for the plaintiff.

*Bates* and *Ashmun*, for the defendant, cited *Knapp* v. *Lee*, 3 Pick. 452; Evans's Poth. *vol.* 1, *p.* 365, — *vol.* 2, *p.* 98, note ; *Jarvis* v. *Rogers*, 15 Mass. R. 406 ; *Green* v. *Farmer*, 4 Burr. 2220 ; *Mitchell* v. *Oldfield*, 4 T. R. 123.

The opinion of the Court was drawn up by

PARKER C. J.   This note was dated in December 1818, and was payable on demand.   It came to the hands of Clark, for whose use the action seems to be brought, in December 1824.   It was therefore entirely discredited,[1] and Clark must have taken it subject to any defence which the defendant could make against Graves the promisee.   Whether Clark knew that it had been paid, or that Damon had demands which he could set off against the note in Graves's hands, is immaterial, for having taken the note six years after it was given, he took it subject to every risk.[2]   But there was sufficient evidence for the jury to find that Clark knew that Damon had claims against the note and intended to contest payment of it.   The conversation sworn to by Smith when Clark was present, but more especially the tenor of the plaintiff's receipt for the note to Clark, shows an apprehension, if not a belief, on the part of Clark, and of the plaintiff also, that nothing would be recovered of Damon.   The jury therefore rightly found that the indorsement to Clark was invalid, it appearing in the case that Graves was indebted to Damon much beyond the amount of this note, and that by this in-

*Stockbridge*
*v.*
*Damon.*

*Sept. 25th.*

*Oct. term, in*
*Middlesex*

---

[1] See Bayley on Bills, (Phil. and Sewall's 2d ed.) 135, 137 ; 3 Kent's Comm. (3d ed.) 91 ; *Spring* v. *Lovett*, 11 Pick. 419.

[2] See 3 Kent's Comm. (3d ed.) 90, 81 ; *Napier* v. *Elam*, 6 Yerger, 108; *Hunt* v. *Sanford*, id. 387; *Sargent* v. *Southgate*, *post*, 316, 317.

Stockbridge
v.
Damon.

dorsement he was deprived of the power of setting off his de mand against Graves.

*Judgment according to verdict.**

---

* See *Sargent et al.* v. *Southgate*, *post*, 312; [*Peabody* v. *Peters*, *ante*, 4 n. 1.]